**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FAYTH WALKER,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-01351-MSS-AEP**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Defendant.**

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Experian Information Solutions, Inc.'s Amended Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), (Dkt. 41), Plaintiff Fayth Walker's response in opposition thereto, (Dkt. 49), and Defendant's reply. (Dkt. 64) Upon consideration of all relevant filings, case law and being otherwise fully advised, the Court finds the Motion is due to be granted.

## I. BACKGROUND

The operative pleading in this case, Plaintiff's Amended Complaint, (Dkt. 30), asserts two counts against the remaining defendant. Count I asserts that Defendant willfully violated 15 U.S.C. § 1681g; Count II asserts in the alternative that Defendant negligently violated the same provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

On July 20, 2026, Defendant filed the Motion, requesting dismissal of this case with prejudice.[1] (Dkt. 41) On August 4, 2026, Plaintiff filed her response. (Dkt. 49) On August 24, 2026, Defendant filed, with leave of court, a reply. (Dkt. 64) On September 1, 2026, Plaintiff filed a motion requesting leave to file a sur-reply.[2] (Dkt. 66)

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65).

---

[1] In light of the subsequent filing of the Motion, the earlier-filed motion to dismiss, (Dkt. 39), which differs from the Motion in that it lacks a Local Rule 3.01(g) Certificate, is due to be denied as moot.

[2] In this Order the Court resolves the Motion without need to consider a sur-reply; accordingly, Plaintiff's motion is due to be denied as moot.

In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. And the court is not "bound to accept as true a legal conclusion couched as a factual allegation." Diverse Power, Inc. v. City of LaGrange, Georgia, 934 F.3d 1270, 1273 (11th Cir. 2019) (citation omitted). Thus, dismissal is warranted if, assuming the truth of the well pleaded factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III. DISCUSSION

Plaintiff claims that Defendant violated 15 U.S.C. § 1681g(a)(1), which states that "[e]very consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer: … [a]ll information in the consumer's file at the time of the request . . . ." 15 U.S.C. § 1681g(a)(1). Under the FCRA, "The term 'file', when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

The paragraphs that mention Defendant in each count of the Amended Complaint are reproduced below:

> 90. [Defendant] willfully violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for Plaintiff's consumer disclosure by failing to clearly and accurately disclose all information in Plaintiff's file at the time of the request. **Specifically,** [Defendant] disclosed accounts without providing the Date of First Delinquency,

> even though the DOFD was reported by the data furnishers to [Defendant], and maintained in [Defendant's] files.
>
> …
>
> 95. Alternatively, [Defendant] negligently violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for Plaintiff's consumer disclosure by failing to clearly and accurately disclose all information in Plaintiff's file at the time of the request. **Specifically,** [Defendant] disclosed accounts without providing the Date of First Delinquency, even though the DOFD was reported by the data furnishers to [Defendant], and maintained in [Defendant's] files.

(Dkt. 30 at ¶¶ 90, 95 (emphasis added))

**A. The Court cannot adjudicate unpleaded claims.**

The identical final sentences in the above paragraphs cabin Plaintiff's claims to a narrow theory of how she contends Defendant violated section 1681g(a)(1): "**Specifically,** [Defendant] disclosed accounts without providing the Date of First Delinquency, even though the DOFD was reported by the data furnishers to [Defendant], and maintained in [Defendant's] files."[3] (Id. (emphasis added))

Nonetheless, Plaintiff, in her response, presents arguments against dismissal of additional, unpleaded section 1681g(a)(1) claims. (See Dkt. 49 at 3-4 (Plaintiff's

[3] The Court notes that neither count includes a paragraph that reincorporates or realleges preceding paragraphs of the Amended Complaint. Even if such language were included in each count, the Court would reach the same conclusion that Plaintiff's use of "Specifically," in paragraphs 90 and 95 cabins Plaintiff's claims to the theory that Defendant violated section 1681g(a)(1) by "disclos[ing] accounts without providing the Date of First Delinquency, even though the DOFD was reported by the data furnishers to [Defendant], and maintained in [Defendant's] files." (Dkt. 30 at ¶¶ 90, 95) There is no other way to faithfully construe the plain language of the pleading. Cf. Ligotti v. United Healthcare Servs., Inc., 542 F. Supp. 3d 1301, 1314 (S.D. Fla. 2021) (rejecting plaintiffs' expansive construction of complaint under which the complaint would assert claims beyond those actually pleaded) (citing ANTONIN SCALIA & BRYAN GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012)).

assertion that Defendant violated section 1681g(a)(1) by "omit[ing] full account numbers maintained in its files but included in third-party reports[,]" and that "[u]nder binding S.D. Fla./M.D. Fla. precedent, these allegations state a plausible claim under § 1681g(1)(a).")) As Defendant states, however, "Plaintiff's allegations in Counts I and II of her Amended Complaint—which form the basis of her claims—focus entirely on [Defendant's] purported omission of the DOFD, not, as Plaintiff now seeks to emphasize [in her response], truncated account numbers." (Dkt. 64 at 4-5)

Unpleaded claims are not properly before the Court at this juncture. See Boyer v. Bd. of Cnty. Comm'rs of the Cnty. of Johnson Cnty., 922 F. Supp. 476, 482 (D. Kan. 1996) ("It is inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time"). "Certainly, **any** adjudication of an unpleaded claim would be premature . . . ." Huddleston v. Bondi, No. 4:25CV3002, 2025 WL 2097358, at *6 (D. Neb. July 25, 2025) (emphasis added) (citing Sch. of the Ozarks, Inc. v. Biden, 41 F.4th 992, 997-98 (8th Cir. 2022)); see also Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1568-71 (11th Cir. 1987) (finding that a district court committed "no error in declining to try claims not pleaded."). The Court does not dismiss unpleaded claims for lack of jurisdiction or otherwise take action on them; rather, the Court simply observes that it cannot evaluate whether it should dismiss any unpleaded claim for failure to state a claim precisely because the claim is not pleaded. See Gilligan v. Morgan, 413 U.S. 1, 9 (1973) ("[N]o justiciable controversy is presented when . . . the parties are asking for an advisory opinion"). The Court does not further address unpleaded claims Plaintiff raised in her response to the Motion.

**B. Plaintiff's pleaded claims are due to be dismissed with prejudice.**

As pleaded, the Amended Compliant establishes that under FCRA Plaintiff is a consumer and Defendant is a consumer reporting agency ("CRA"). (Dkts. 30 at 2, 3; 41 at 2, 6) Plaintiff contends that section 1681g(a)(1) obligated Defendant to provide DOFDs in connection with the accounts included in Defendant's consumer disclosure to Plaintiff. (See Dkt. 30-1 at 6-11) According to Plaintiff, "[p]ursuant to 15 U.S.C. § 1681s-2(a)(5),[4] data furnishers are required to notify a [CRA] of the date of delinquency when reporting any account placed for collection, charged off, or subjected to any similar action[,]" yet despite Defendant's retention of this information after a furnisher provided it, Defendant failed to disclose to Plaintiff the DOFDs in Plaintiff's file and thereby violated section 1681g(a)(1). (Dkt. 30 at 9)

Defendant argues that Plaintiff's claims are due to be dismissed "because the Amended Complaint does not plausibly plead that [Defendant] failed to provide Plaintiff with the required information in her credit file." (Dkt. 41 at 5-6) Defendant states that:

> Section 1681s-2(a)(5) governs what *furnishers* must report to CRAs; it says nothing about what CRAs like [Defendant] must display on consumer disclosures. The leap from furnisher obligation to CRA disclosure

---

[4] Section 1681s-2(a)(5) states in full that:

> A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action.

15 U.S.C. § 1681s-2(a)(5).

> obligation is one Plaintiff never makes, and courts have declined to make it for her.

(Dkt. 41 at 6) As such, Defendant contends that it could not have violated section 1681g(a)(1) by not including in its disclosure to Plaintiff the DOFDs that Defendant allegedly received from furnishers because section 1681g(a)(1) does not obligate Defendant to disclose the provided DOFDs to Plaintiff.

As Defendant recites, "to the extent Plaintiff is asserting that Defendant should have identified on the consumer report the DOFD for each account, Plaintiff has not pointed to any law requiring Defendant to expressly include that information in the report . . . ." Gadson v. Experian Info. Sols., Inc., 2024 WL 3745476, at *7 (D. S.C. July 18, 2024).[5] In this case, Plaintiff attempts to point to statutory law requiring Defendant to include DOFDs in its disclosure to Plaintiff. (See Dkt. 49 at 5 ("This is a straightforward § 1681g(a)(1) claim which requires [Defendant] to disclose 'all information' in that file . . . .") Moreover, Plaintiff alleges in her Amended Complaint that Defendant has "long known that omitting material account information violates the FCRA." (Dkt. 30 at ¶ 75) As support, Plaintiff cites Gillespie v. Equifax Info. Servs., LLC, 484 F.3d 938, 941-42 (7th Cir. 2007). (Id.)

Plaintiff does not accurately present the Seventh Circuit's holding in Gillespie v. Equifax. As Defendant states, "contrary to Plaintiff's parenthetical characterization,

[5] The cases Defendant cites in support of its contention that section 1681g(a)(1) does not obligate Defendant to disclose the provided DOFDs to Plaintiff, Gillespie v. Equifax and Harding v. Transunion LLC, No. 23-23775-Civ-Scola, 2024 WL 4826448 (S.D. Fla. Nov. 19, 2024), are not binding on this court and do not involve claims brought under section 1681g; however, their reasoning is consistent with this Order.

[the Seventh Circuit] did *not* hold that 'obscuring the DOFD fails § 1681g(a)(1).'" (Dkt. 41 at 11) Rather, "What *Gillespie* [*v. Equifax*] actually held was that [a CRA's] use of a 'date of last activity' field for multiple purposes was accurate but not necessarily clear." (Id. (quotation omitted)) Moreover, in that case the appellate court stated that it had "recently held that 'file' means the information contained in the consumer report produced by the [CRA]." Gillespie v. Equifax, 484 F.3d at 941 (citing Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir. 2007).

In a different case earlier decided by the Seventh Circuit, Gillespie v. Trans Union, a CRA received DOFDs about consumers' accounts and the consumers claimed that the CRA, in violation of section 1681g(a)(1), failed to include the DOFDs and "purge dates" that the CRA generated for its internal purposes based on the DOFDs in its disclosures to the consumers. Gillespie v. Trans Union Corp., 482 F.3d at 908. The Seventh Circuit stated that "[t]he question on appeal is whether the term 'file' in § 1681g(a)(1) encompasses everything in [the defendant CRA's] consumer file, or just material included in a consumer report issued to third parties." Id. If the statute requires disclosure of "everything" in a consumer file, then a CRA violates section 1681g(a)(1) by not including DOFDs in its possession in a disclosure to a requesting consumer. Conversely, if the statute requires disclosure of "just material included in a consumer report issued to third parties[,]" then a CRA does not violate section 1681g(a)(1) by not including DOFDs in its possession in a disclosure to the consumer. The Seventh Circuit affirmed the judgment of the district court in favor of the CRA, stating that "[t]he language of § 1681g(a)(1)," among other indicia, "support[s] [the

CRA's] argument that 'file' means information included in a consumer report." Id. at 910. The court further stated that:

> Section 1681g(a)'s paragraph 1, as we just noted, requires CRAs to disclose all information in the consumer's "file" at the time of the request. Subsequent paragraphs, however, list other types of information that must be revealed as well, including: the name of each person that received a consumer report; the date, original payees, and amounts of any checks that form the basis of an adverse credit entry; and a record of all credit inquiries during the one-year period before the consumer's request. If, as [the plaintiff consumers] argue, the word "file" in paragraph 1 means "all information on the consumer recorded and retained" by a CRA, then these additional paragraphs are unnecessary. On the other hand, if the word "file" in paragraph 1 has a narrower meaning, as urged by [the defendant CRA], then these other subsections retain some semblance of relevancy. Because we try to avoid interpretations of statutes that render words, or other sections, superfluous, *Duncan v. Walker*, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001); *United States v. Chemetco, Inc.*, 274 F.3d 1154, 1160 (7th Cir.2001), the plain language of § 1681g(a)(1) favors [the defendant CRA].

Id. at 909.[6]

Accordingly, this Court holds that section 1681g(a)(1) does not obligate a CRA to disclose a DOFD to a consumer upon the consumer's request to the CRA. As a result, Plaintiff's pleaded claims against Defendant, which are expressly limited to violations of section 1681g(a)(1) for Defendant's alleged failure to provide DOFDs in connection with the accounts included in Defendant's consumer disclosure to Plaintiff, are due to be dismissed with prejudice. In light of its finding that Defendant did not violate section 1681g(a)(1) as alleged, the Court need not consider other issues the

[6] The Parties do not identify, and the Court has not located, case law in this circuit contrary to the Seventh Circuit's resolution of the question of whether section 1681g(a)(1) obligates a CRA to disclose a DOFD to a consumer upon the consumer's request.

Parties presented, such as whether Plaintiff sufficiently pleaded a basis for a finding that Defendant willfully violated section 1681g(a)(1).

## IV. Conclusion

Upon consideration of the foregoing, it is **ORDERED** that:

1. Defendant Experian Information Solutions, Inc.'s Amended Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), (Dkt. 41), is **GRANTED**.
2. Plaintiff's claims raised against Defendant in the Amended Complaint, (Dkt. 30), are **DISMISSED WITH PREJUDICE.**
3. Plaintiff is granted leave to file, within **fourteen (14) days** of the date of this Order, a Second Amended Complaint that raises any heretofore unpleaded claims if Plaintiff may first raise them at this juncture consistently with Federal Rule of Civil Procedure 11(b) notwithstanding that Plaintiff had not properly raised them in an amended complaint.
4. Plaintiff's motion requesting leave to file a sur-reply in support of her response to Defendant's Amended Motion to Dismiss, (Dkt. 66), is **DENIED AS MOOT**.
5. Defendant's initial motion to dismiss, (Dkt. 39), is **DENIED AS MOOT**.

**DONE and ORDERED** in Tampa, Florida this 16th day of November 2026.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE